UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOE HAND PROMOTIONS, INC.,

                    Plaintiff,

v.

JASON BOYD, et al.,

                    Defendants.

Case # 19-CV-6254-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff Joe Hand Promotions, Inc. brings this action against Defendants Jason Boyd and Tavern 2 7 8 Inc.,[1] alleging that they unlawfully received and exhibited a pay-per-view boxing match at their restaurant, in violation of 47 U.S.C. §§ 553, 605. On September 18, 2019, the Clerk of Court filed an entry of default against Defendants after they failed to appear or otherwise defend. ECF No. 9. Plaintiff now moves for default judgment. ECF No. 10. For the following reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action. Fed. R Civ. P. 55(a). Once the plaintiff has obtained an entry of default, and if his claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

---

[1] In one paragraph of the complaint, Plaintiff references another defendant identified as "OYINDAMOLA ODUSANYA AKINKUGBE." ECF No. 1 ¶ 20. This defendant is neither listed in the caption nor referenced elsewhere in the complaint. The Court assumes this was an inadvertent addition.

1

The clerk's entry of default does not mean that default judgment is automatically warranted. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.* If liability is established, the Court must then determine the proper amount of damages, which requires evidentiary support. *See id.* at 189 ("[A] party's default . . . is not considered an admission of damages.").

**BACKGROUND**

The following facts are taken from the complaint, unless otherwise noted. Plaintiff held the exclusive right to distribute to commercial establishments the broadcast of Wilder v. Fury, a December 1, 2018 boxing match (the "PPV"). ECF No. 1 ¶ 6. It broadcasted the match via closed-circuit television and encrypted satellite signal. *Id.*

Boyd is the principal of Tavern 2 7 8 Inc., and through that entity he runs a restaurant located in Rochester. *Id.* ¶ 8. On December 1, 2018, Defendants advertised on social media that they would be broadcasting the PPV at the restaurant. *Id.* ¶ 14. That evening, Defendants showed the PPV, charging a cover of $10 per person. *Id.* ¶¶ 13, 16. However, Defendants did not pay any commercial licensing fee to, or otherwise receive authorization from, Plaintiff to broadcast the PPV. *Id.* ¶ 15. While Plaintiff acknowledges that, without discovery, it does not know how Defendants intercepted the broadcast, it identifies several "readily available" methods by which one can do so. *Id.* ¶ 26. Plaintiff brought this action in April 2019. It raises two claims for violations of § 553 and § 605 of Title 47.[2]

---

[2] In its motion for default judgment, Plaintiff seeks damages for copyright infringement. *See* ECF No. 10 at 1-2. Because Plaintiff did not raise a claim for copyright infringement in its complaint, the Court will not address that issue. *See generally* ECF No. 1.

**DISCUSSION**

**I. Liability**

The Court first evaluates whether Plaintiff's allegations, taken as true, establish Defendant's liability. *See Moulton Masonry*, 779 F.3d at 187.

Plaintiff's first claim arises under § 605, which "generally prohibits the unauthorized use or publication of wire or radio communications." *J & J Sports Prods., Inc. v. Nacipucha*, No. 17-CV-1186, 2018 WL 2709222, at *3 (E.D.N.Y. May 18, 2018). As is relevant here, the statute provides, "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). "In common parlance, this subsection prohibits the interception of a radio communication . . . [and] its publication to a third party." *Nacipucha*, 2018 WL 2709222, at *3 (internal quotation marks omitted). A "radio communication" includes a satellite transmission. *Id.*

Taking the allegations in the complaint as true, Plaintiff adequately states a claim against Defendants for violation of § 605. Specifically, Plaintiff alleges that Defendants intercepted the PPV, which was broadcasted via satellite uplink, and exhibited it at the restaurant to patrons. ECF No. 1 ¶¶ 13, 26. Plaintiff alleges that Defendants did not pay the commercial licensing fee for the PPV or receive authorization from Plaintiff to show it. *Id.* ¶¶ 15, 25. These facts suffice to state a violation of § 605. *See, e.g.*, *Joe Hand Promotions, Inc. v. Soviero*, No. 11-CV-1215, 2012 WL 3779224, at *4 (E.D.N.Y. July 31, 2012) (finding similar allegations sufficient to state a § 605 claim).

Having concluded that Plaintiff has a sufficient claim under § 605, the Court need not address the second claim under § 553. That provision prohibits a person from intercepting or

receiving "any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Courts have held that where a defendant has violated both § 605 and § 553, only damages under § 605 should be awarded. *See Garden City Boxing Club, Inc. v. Fofana*, No. 05-CV-3409, 2006 WL 2927228, at *3 (S.D.N.Y. Oct. 13, 2006). Also, Plaintiff states that it "elects to recover" under § 605. ECF No. 10-5 at 9. Accordingly, the Court need not analyze the § 553 claim and may proceed to assess damages under § 605.

## II. Damages[3]

"[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Moulton Masonry*, 779 F.3d at 189. Rule 55(b)(2) provides that "on the matter of damages the court may conduct such hearings or order such references as it deems necessary and proper." *Id.* "That rule allows but does not require the district judge to conduct a hearing." *Id.*

Against each defendant, Plaintiff requests $30,000 in statutory and enhanced damages based on Defendants' willful violation of § 605. *See* ECF No. 10 at 1-2. Plaintiff also requests $3,845.04 in attorney's fees and costs. Plaintiff has provided sufficient evidence to assess damages without a hearing.

A prevailing party may elect to receive statutory damages under § 605. 47 U.S.C. § 605(e)(3)(C)(i)(II). A district court is vested with the discretion to award damages of between $1,000 and $10,000 per violation, unless the violation "was committed willfully and for purposes

---

[3] In its complaint, Plaintiff requests a permanent injunction "prohibiting [D]efendants from receiving, transmitting, and exhibiting Plaintiff's programming." ECF No. 1 at 9. Although it does not appear that Plaintiff is requesting that relief in its present motion, the Court notes that it would deny that request if the Plaintiff were seeking it. This is because Plaintiff has not shown that it lacks an adequate remedy at law. *See Kingvision Pay-Per-View Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006).

4

of direct or indirect commercial advantage or private financial gain," in which case the court may "increase the award of damages . . . by an amount of not more than $100,000." *Id.* § 605(e)(3)(C)(ii). In exercising their discretion, courts in this Circuit "have used essentially two approaches." *J & J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469, 474 (E.D.N.Y. 2009) (collecting cases). "The first calculates damages on the basis of the number of patrons observed in the defendant establishment, and then multiplies that figure by a set amount." *Id.* "A slight variation to this approach awards the plaintiff the license fee the defendant, based on its capacity, would have paid if it had legally purchased the event for exhibition." *Id.* Because Plaintiff has not submitted evidence relating to the number of patrons who viewed the PPV, the Court will use the latter approach. *See J & J Sports Prods., Inc. v. Benson*, No. 06-CV-1119, 2007 WL 951872, at *4-5 (E.D.N.Y. Mar. 27, 2007).

Plaintiff has submitted evidence sufficient to establish the licensing fee it would have charged Defendants to broadcast the PPV. Specifically, Plaintiff would normally charge a venue $1,450 where, as here, it has a maximum occupancy of 100 people. *See* ECF No. 10-4 at 1, 6. The Court therefore concludes that statutory damages in the amount of **$1,450** are warranted. *Accord Benson*, 2007 WL 951872, at *5; *Joe Hand Promotions, Inc. v. Bernal*, No. 18-CV-85, 2019 WL 885930, at *4-5 (E.D.N.Y. Feb. 22, 2019).

The Court also finds an award of enhanced damages appropriate. The evidence Plaintiff provides establishes that Defendants' conduct was willful and for the purpose of private financial gain. On social media, Defendants advertised that they would be exhibiting the PPV, and they charged a $10 cover to patrons. Far from being a mistaken or unintentional violation, Defendants brazenly exhibited the PPV in order to make money and increase business. Courts usually calculate enhanced damages by trebling the award of statutory damages. *See, e.g.*, *id.* at *5-6

(collecting cases); *Benson*, 2007 WL 951872, at *5 (same). Accordingly, the Court awards enhanced damages in the amount of **$4,350**.

### III. Attorney's Fees and Costs

Under § 605(e)(3)(B)(iii), the prevailing party is entitled to recover attorney's fees and costs. Plaintiff requests $1,910 in attorney's fees and $1,935.04 in costs. ECF No. 10-1 at 5-6.

"In the Second Circuit, a party seeking an attorney's fees award must support that request with contemporaneous time records that show, for each attorney, the date, the hours expended, and the nature of the work done." *Benson*, 2007 WL 951872, at *6 (internal quotation marks omitted). The Court has reviewed the billing records and concludes that the requested fees are reasonable. The Court awards **$1,910** in attorney's fees.

As to costs, Plaintiff's requested costs are for filing fees ($400), service of process ($774), postage ($11.04), and an auditing fee ($750). Plaintiff is entitled to costs for filing fees, service of process, and postage, *J & J Sports Prods., Inc. v. El Sonador Cafe Restaurant, Inc.*, No. 14-CV-7074, 2015 WL 1928757, at *5 (E.D.N.Y. Apr. 28, 2015), but auditing fees (*i.e.*, investigator's fees) are not permitted. *See Kingvision Pay-Per-View Ltd. v. Cardona*, No. 03-CV-3839, 2004 WL 1490224, at *4 (S.D.N.Y. June 30, 2004) ("There is no provision for a prevailing party to be awarded the cost of its investigator."). In addition, while recoverable, Plaintiff's costs for private process servers are excessive. Service of process costs may not exceed the rate established for service through the U.S. Marshals Service, which is currently $65 per hour. *Premium Sports, Inc. v. Nichols*, No. 17-CV-741, 2018 WL 3574870, at *9 (N.D.N.Y. July 25, 2018). The invoices Plaintiff provides show that the process servers charged a flat rate and did not indicate the number of hours worked. *See* ECF No. 10-2 at 1-4. Absent such evidence, the Court will award $65 for

each of the three excessive invoices, and $60 for the reasonable invoice, totaling $255 for service of process. *See Nichols*, 2018 WL 3574870. Therefore, the Court awards **$666.04** in costs.

## IV. Prejudgment Interest

Finally, Plaintiff requests prejudgment interest "at 9% per year from December 1, 2018." ECF No. 10-9 at 1. That request is denied. *See J & J Sports Prods., Inc. v. Vasquez*, No. 19-CV-5238, 2019 WL 7194405, at *2 (E.D.N.Y. Dec. 26, 2019) ("A majority of courts in this Circuit have held that pre-judgment interest should not be imposed when statutory damages have been enhanced under Section 605(e)(3)(C)(ii), as the enhancement serves to punish defendants' willful conduct rather than to compensate plaintiff for a loss.").

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for a default judgment (ECF No. 10) is GRANTED IN PART and DENIED IN PART. Plaintiff is awarded **$8,376.04** ($1,450 in statutory damages, $4,350 in enhanced damages, $1,910 in attorney's fees, and $666.04 in costs), for which Defendants Jason Boyd and Tavern 2 7 8 Inc. are jointly and severally liable. Plaintiff's requests for injunctive relief, prejudgment interest, and damages under the Copyright Act are denied. The Clerk of Court is directed to enter judgment in Plaintiff's favor and close this case.

IT IS SO ORDERED.

Dated: January 30, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court